IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

ROBERT E. SIMMONS                                                                                    PLAINTIFF

v.                                                                          CIVIL ACTION NO. 1:25-CV-30-SA-RP

DYNAMIC SECURITY, INC.                                                                          DEFENDANT

ORDER AND MEMORANDUM OPINION

On March 11, 2025, Robert E. Simmons initiated this lawsuit by filing his Complaint [1] against Dynamic Security, Inc. In response, Dynamic filed a Motion to Dismiss or, in the alternative, Motion for More Definite Statement [10]. Having considered the parties' filings and the applicable authorities, the Court is prepared to rule.

*Relevant Factual and Procedural Background*

On January 30, 2023, Robert E. Simmons, a Black man, was hired by Dynamic Security, Inc., to work as an unarmed security guard at NauticStar Boats, a boating manufacturing facility in Amory, Mississippi. Joe Owens, a White man who held the position of District Supervisor with Dynamic, made the hiring decision and supervised Simmons. During the hiring process, Simmons informed Owens that he suffered from asthma.

In the spring of 2023, a storm rendered the guard building at the NauticStar facility inoperative. Thereafter, in lieu of the guard building, Simmons worked under a tent that provided limited protection from the elements. Simmons requested and was denied permission to work from inside the NauticStar facility during his shifts.

In April 2023, Dynamic assigned Simmons a 12-hour shift during which he was not allowed to take any breaks. During that shift, Simmons suffered multiple seizures resulting from the heat. Following the incident, Simmons began working indoors patrolling the NauticStar warehouse.

The NauticStar warehouse allegedly contained mold and mildew and caused Simmons to suffer from asthma "flare ups." Simmons requested to be assigned to a shift that did not include patrolling the particular warehouse that caused his health issue. Dynamic denied his request.

After a few months of employment, Simmons "applied for or expressed interest in" a promotion to the Site Supervisor position. [1] at p. 5. Simmons had prior experience working at the NauticStar facility through a different company and a master's degree in criminal justice. He was not selected for the position. Instead, Dynamic promoted Hunter McEuchin, a White man, to the position. Simmons claims that McEuchin had less experience and no advanced degree. According to the Complaint [1], Dynamic told Simmons he was not eligible for a promotion because he was in a probationary period at the time the promotion decision was made. However, Simmons contends that he and McEuchin were both hired on the same date.

Following his promotion, McEuchin allegedly made racist remarks to Simmons, commented about his asthma, and withheld hours from his paycheck.[1] Simmons alleges that he reported these incidents to Owens, but no action was taken. On July 30, 2023, Owens terminated Simmons.

This lawsuit followed, wherein Simmons appears to allege violations of federal law. Dynamic filed the instant Motion to Dismiss [10], asserting that Simmons' Complaint [1] fails to comply with the applicable pleading standards and lacks factual allegations to support the claims. In the alternative, Dynamic requests the Court order Simmons to file an amended complaint that adequately alleges the causes of action he intends to pursue. The Motion [10] is now ripe.

---

[1] Simmons does not allege when the racist remarks began, but he does allege specific dates of multiple racist incidents beginning on May 9, 2023 through June 8, 2023. [1] at p. 6-8. Simmons also alleges he kept a catalogue of hours worked that shows the discrepancies in pay. He did not attach this document to the Complaint [1], nor does he allege a specific date or time frame in which hours worked were withheld from his paycheck. [1] at p. 8.

*Legal Standards*

"When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court must accept all well-pleaded facts as true and view the facts in the light most favorable to the plaintiff." *Runnels v. Banks*, 2012 WL 2839802 at *1 (S.D. Miss. July 10, 2012) (citing *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996)). A legally sufficient complaint must establish more than a "sheer possibility" that the plaintiff's claim is true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (internal citation omitted). It need not contain detailed factual allegations, but it must go beyond formulaic recitations of the elements of a cause of action, labels, or legal conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (internal citations omitted). "To be plausible, the complaint's 'factual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955). Motions to dismiss under Rule 12(b)(6) are "viewed with disfavor" and "rarely granted." *Brown v. Phoenix Life ins. Co.*, 843 F. App'x 533, 538-39 (5th Cir. 2021).

Federal Rules of Civil Procedure 12(e) states that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." *Adams v. John M. O'Quinn & Assocs., PLLC*, 2017 WL 1194367, at *2 (N.D. Miss. Mar. 30, 2017) (citing FED. R. CIV. P. 12(e)). A Rule 12(e) order is a proper remedy where allegations in a complaint are "conclusory, confused, and unclear," but do not "justify dismissal of the suit on the merits and without leave to amend." *Godfrey v. First Student*, 2024 WL 2722294, at *1 (E.D. La. May 28, 2024). "If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or

within the time the court sets, the court may strike the pleading or issue any other appropriate order." FED. R. CIV. P. 12(e).

*Analysis and Discussion*

Dynamic seeks dismissal of all claims pursuant to Federal Rules of Civil Procedure 8(a), 10(b), and 12(b)(6). In the alternative, Dynamic requests the Court to order Simmons to file a more definite statement pursuant to Rule 12(e). The Court will first address Dynamic's alternative requested relief before addressing its motion for dismissal.

The crux of Dynamic's issue with the Complaint [1] lies in that Simmons' factual allegations are not tied to the elements of any discrete claim. Instead, after setting forth the alleged facts, Simmons broadly alleges that his statutory rights were violated. In the few paragraphs toward the end of the Complaint [1] wherein he asserts the statutory violations, Simmons specifically alleges:

> 75. Defendant's violations of Mr. Simmons' statutory rights under § 1981, FLSA, Title VII, and the ADAAA were intentional and willful and done in direct disregard for Mr. Simmons's right to be free from such unlawful discriminatory activity.
>
> 76. Defendant's violations of Mr. Simmons' statutory rights under § 1981, FLSA, Title VII, and the ADAAA were intentional and willful and done in direct disregard for Mr. Simmons' right to be free from retaliation for protected activity undertaken pursuant to the aforementioned Acts.
>
> …
>
> 79. Defendant's violations of Mr. Simmons's federally protected rights were done with malice or reckless indifference to Mr. Simmons's federally protected rights so the Defendant is liable for punitive damages for the egregious actions of the Defendant.
>
> 80. Defendant's violations of Mr. Simmons's federally protected rights were done with malice or reckless indifference to Mr. Simmons's federally protected rights so

>that Defendant is liable for liquidated and treble damages under the FLSA.

[1] at p. 9-10.[2]

Dynamic argues that the Complaint [1] does not contain sufficient information to allow a responsive pleading to be framed. Specifically, Dynamic notes that Simmons fails to name any discrete counts, set forth the elements of any claim, or connect facts to satisfy the elements of any claim. This structure, according to Dynamic, falls shy of the pleading standard set forth in Rule 8. *See* FED. R. CIV. P. 8(a)(2) (requiring that the pleader set forth "a short and plain statement of the claim showing that the pleader is entitled to relief").

Dynamic also emphasizes that the structure of the Complaint [1] fails to separate or name counts under the four referenced statutes. Rule 10(b) addresses this point and provides as follows:

>(b) Paragraphs; Separate Statements. A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence--and each defense other than a denial--must be stated in a separate count or defense.

Fed. R. Civ. P. 10(b).

The Court is cognizant that a plaintiff need not perfectly state the legal theory of his claims. *See Scharklet v. Case Healthcare Sols.*, 2023 WL 8259255, at *8 (N.D. Miss. Nov. 29, 2023); *Gearlds v. Entergy Servs., Inc.*, 709 F. 3d 448, 452 (5th Cir. 2013) ("Courts must focus on the substance of the relief sought and the allegations pleaded, not on the label used."). However, Simmons' Complaint [1] lists four federal statutes in the same numbered paragraphs and makes

---

[2] The full citations for the above referenced statutes are as follows: Americans with Disabilities Act of 1990 (ADA), as amended by the ADA Amendments Act of 2008 (ADAAA), 42 U.S.C. § 12101 et seq.; Title VII of the Civil Rights Act of 1964, as amended by Civil Rights Act of 1991 (Title VII), 42 U.S.C. § 2000e; 42 U.S.C § 1981; and the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq.

conclusory allegations—this is insufficient. Simmons failed to list any discrete claim, its elements, or which facts correspond to each claim. This scant pleading deprives Dynamic of the notice to which it is entitled under the Rules of Civil Procedure. *See Alexander v. Hall*, 2021 WL 800840, at *3 (N.D. Miss. Mar. 2, 2021) (citing *EPCO Carbon Dioxide Prods, Inc. v. JP Morgan Chase Bank, NA*, 467 F.3d 466, 470 (5th Cir. 2006)) (internal quotation marks omitted) ("[Rule 8] requires that a plaintiff plead sufficient facts to provide notice to [a defendant] of the factual basis for the plaintiff's claims.").

In his Response Memorandum [16], Simmons largely restates the facts enumerated in the Complaint [1]. He argues the connection between the facts and specific claims is intuitive, specifically arguing that "[t]he Defendant can discern the claims that fall in line with the facts to distinguish the legal claims asserted." [16] at p. 9.[3] This argument is a non-starter, as it is not in accordance with the applicable standards articulated above. Regardless of whether Simmons believes that some of his assertions are intuitive, he must comply with all applicable pleading standards. He has not done so here.

The Court, using common-sense, contextual consideration of the allegations, could infer some of the claims Simmons attempts to bring. *See Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 ("Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."). For example, the Court can easily infer the unpaid work hours is likely connected to a claim under the Fair Labor Standards Act. On the other hand, it is unclear if Simmons makes a retaliation claim under one or under all four of the listed statutes. Thus, the specific claims and the factual support

---

[3] Simmons included within his Response Memorandum [16] a request for leave to amend. The Local Rules clearly prohibit requesting relief in this manner, as such a request must be made via separate motion. *See* L.U. Civ. R. 7(b)(2). Consequently, the Court has not considered the proposed amended complaint that Simmons attached to the Response [14].

relevant to each claim is simply unclear. And while the Court *could* make certain inferences, it would do so as the risk of misconstruing Simmons' allegations. The Court declines the invitation to do so.

However, the Court is hesitant to dismiss the Complaint [1] when it appears that Simmons could state a plausible claim but has not pled his best case. *See Scharklet*, 2023 WL 8259255 at *10. Therefore, the Court denies Dynamic's request for dismissal but finds it proper to grant its alternative request for a more definite statement.

Simmons is ordered to file an amended complaint clearly articulating: (1) the specific title of each claim alleged; (2) the elements of each claim; and (3) the alleged factual support corresponding to each element of each claim. Again, the nature of each claim, and its factual predicates, should be abundantly clear and comply with the notice requirement of Rule 8 and the structure requirement of Rule 10(b).

*Conclusion*

For the reasons set forth above, Dynamic's Motion [10] is DENIED IN PART AND GRANTED IN PART. The Motion [10] is DENIED to the extent it seeks dismissal of Simmons' claims. The Motion's [10] alternative request for a more definite statement is GRANTED. Simmons shall have 14 days from today's date to file his amended complaint in accordance with the directive set forth herein. Should Simmons fail to do so, the Court will dismiss this case *without further notice*. Dynamic may, if appropriate, renew its request for dismissal once any amended complaint is filed.

SO ORDERED, this the 3rd day of December, 2025.

/s/ Sharion Aycock
SENIOR UNITED STATES DISTRICT JUDGE